## Commonwealth v. Rhinehart

*Floyd P. Jones, Assistant District Attorney,* for Commonwealth.

*Allen H. Smith* and *Peter J. Mangan,* for defendants.

BLAKEY, *J.,* February 5, 1980—In each of these cases, counsel has filed a motion to dismiss, contending that the 25 mile per hour speed zone is not a maximum lawful speed pursuant to section 3362(a)(3) of the Vehicle Code, 75 Pa.C.S.A. §3362(a)(3), as it was not established on the basis of an engineering and traffic investigation as required by section 3363 of the new code effective July 1, 1977. Both offenses relate to a 25 mile per hour zone on Carlisle Road, a portion of State Route 74, in the City of York.

Counsel have stipulated that the zone was established by ordinance passed in 1970 and that there was a traffic study conducted in 1970.

The first issue presented to the court is whether the validity of speed zones in existence on the effec-

tive date of the new code was preserved, with or without a prior study. The issue was not raised in Com. v. Aiello, 109 Summary Conviction Appeal, 1979, when the case was before us, although we understand that that case is now on appeal and that the question has been raised. In Aiello, no traffic study had been conducted at all. When the case was before us, argument focused upon the effect of a regulation adopted by the Pennsylvania Department of Transportation whereby the Department sought to give itself a period of years to complete the engineering studies required by section 3363 of the new Vehicle Code. The Commonwealth appeared to concede that a study was required. The question was how soon it had to be completed.

Turning to the question of whether existing speed zones are automatically preserved on a theory of something like a grandfather clause, we note that there is no language in the code to such effect. Section 6109 of the code, which preserves the reasonable exercise of police power by the state as to state highways and by local authorities as to streets and highways within their boundaries, expressly provides that speed limits can be altered or established as authorized in subchapter F of chapter 33 of the code. This imposes a condition which expressly refers us back to sections 3362 and 3363, which contain the limitations at issue. We read this as providing that speed zones that are not established pursuant to said condition are not within the reasonable exercise of police powers.

Further insight into the question can be gained by comparing the sections at issue with the prior law set forth in section 1002 of the former code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1002. That section authorized a shopping list of different speed

zones in different situations, limits of 10, 15, 20, 25, 35, 40, 55 and 70 miles per hour, as set forth in subsections 1 through 7 of 1002(b). It is significant that none of these required a study. The only reference to studies in section 1002 is found in sections 1002(b)(8) and 1002(c), both relating to special situations involving determinations by the Secretary of Highways. It seems clear to us that the intent of the new code is to eliminate this hodgepodge, which could have been established without investigations or studies of any sort, and to replace it with a simplified system of 35 miles per hour limit in an urban district and 55 miles per hour otherwise, subject to an exception which requires an engineering and traffic investigation before the zone is established.

Finally, we note that the new code was adopted June 17, 1976, with its effective date postponed to July 1, 1977. This obviously gave governing bodies some time to do what was required to meet the new statutory scheme. This is not consistent with the contention that everything then in effect was preserved.

We conclude that all existing speed zones are lawful only if they are consistent with sections 3362 and 3363 of the new code. If the zone at issue is other than 35 miles per hour in an urban area and 55 miles per hour otherwise, the zone is not lawful unless established on the basis of an engineering and traffic investigation.

The final question is related to the timeliness and adequacy of such investigation. Can a special speed zone be valid if based upon a study conducted prior to the effective date of the new code? Once again, the code does not explicitly deal with the question, either way.

310

We see no magic in a particular date. We conclude that we cannot decide this issue in the abstract. We will be required to deal with the specifics of studies conducted before the new code on a case-by-case basis.

The motions to dismiss are denied. The issues identified above will be addressed at the time of trial on the merits.